The doctrine laid own by Cyc. quoted is not the law in our state, as has many times been held in principle by this court. There are also decisions of other states holding the reverse of appellant's contention. Alonzo v. State, 15 Tex. App. 378, 49 Am. Rep. 207; Mercer v. State, 17 Tex. App. 464; Ledbetter v. State, 21 Tex. App. 346, 17 S. W. 427; Bell v. State, 33 Tex. Cr. R. 164, 25 S. W. 769; Solomon v. State, 39 Tex. Cr. R. 141, 45 S. W. 706; Minter v. State, 70 Tex. Cr. R. 660,

159 S. W. 286; State v. Eggleston, 45 Or. 353, 77 Pac. 738; Vought v. State, 135 Wis. 12, 114 N. W. 518, 646, 32 L. R. A. (N. S.) 234, 128 Am. St. Rep. 1008; People v. Barnes, 2 Idaho (Hasb.) 161, 9 Pac. 532; State v. Cutshall, 109 N. C. 768, 14 S. E. 107, 26 Am. St. Rep. 599; State v. Carroll, 30 S. C. 90, 8 S. E. 433, 14 Am. St. Rep. 883.

The fact that Smith, when previously tried in a case against him alone, in some way, not disclosed, secured his acquittal, would not prevent the state from showing, in a trial of the case against appellant alone, that Smith was one of the three or more who participated in the unlawful assembly when appellant did, and thereby prevent appellant's conviction. Of course, Smith having been acquitted, he could not again be tried or convicted, whatever may have been the reason for his acquittal, or however secured. It was appellant, and not Smith, who was tried in this case.

In said Alonzo, Ledbetter, and Solomon Cases the man and woman were both jointly prosecuted for adultery, or fornication, as the case was. The woman in each case was acquitted, or after jeopardy attached the case was dismissed as to her, and in each case the man then convicted. The man contended that as the woman had been acquitted this inured to his benefit, and he could not therefore be convicted. This court in each instance held against him.

In the Mercer Case he was convicted of incest. He contended in appeal that he could not be convicted unless the woman was also guilty. This court held against him.

In the Bell Case, she, a white woman, was convicted of miscegenation, marrying a negro man. She contended as the man had been tried and acquitted she could not be convicted. This court held against her.

In the Vought Case the Wisconsin court held that, when three town officials were jointly indicted for theft of town orders, the acquittal of two did not prevent the conviction of the other.

The motion is overruled.

———

BURLESON v. STATE.　(No. 4534.)

(Court of Criminal Appeals of Texas. June 20, 1917. Rehearing Denied, Jan. 16, 1918.)

CRIMINAL LAW ⬖1092(6), 1099(5)—APPEAL— STATEMENT OF FACTS AND BILL OF EXCEPTIONS—TIME OF FILING.

The statement of facts and bill of exceptions in a case tried in the county court, having been filed after term time without order allowing it, cannot be considered.

Appeal from Leon County Court; C. D. Craig, Judge.

J. A. Burleson was convicted, and appeals. Affirmed.

Jas. T. Ryan, of Centerville, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted for threatening to take human life, his punishment being assessed at a fine of $100.

There is a statement of facts and bill of exceptions in the record, but having been filed after term time without an order allowing time in which to file these papers, they cannot be considered. The court adjourned on the 21st of April; the statement of facts was filed on the 11th day of May, and the bill of exceptions on the 17th day of May. This case being tried in the county court, it was necessary, in order to file statement of facts and bills of exception in vacation, to have an order entered for that purpose. None is found in the record, and the bill of exceptions, had there been a 20-day order, was filed more than 20 days after court adjourned. The other matters complained of in the record cannot be considered or intelligently revised in the absence of a statement of facts.

The judgment will be affirmed.